FERNANDO SIERRA BERDECÍA, Petitioner-Appellant, v. PEDRO A. PIZÁ, INC., Respondent-Appellee.

No. 12603.  Submitted November 26, 1958.—Decided March 24, 1961.

---

*Domingo Candelario* and *Carlos Bastián Ramos* for appellant.
*L. C. Delucca* for appellee.

PER CURIAM.

Fernando Sierra Berdecía, Secretary of Labor, in behalf and for the benefit of Angel Egozcue filed a complaint claiming wages against Pedro A. Pizá, Inc., in the District Court, San Juan Part. After the proper proceedings, he obtained judgment from which defendant appealed to the Superior Court, San Juan Part. Said court, in turn, rendered judgment in the case and a copy of the notice thereof was filed in the records on May 29, 1958. On June 3 following, the Secretary of Labor appealed from said judgment to this Supreme Court by the ordinary writ of appeal.

On November 12, 1958, respondent filed a "Motion to Dismiss the Appeal" in which it "prays this Honorable Court to dismiss said appeal on the ground that the same is not proper under § 19 of the Judiciary Act of 1952, as it has been interpreted in *Borinquen Furniture* v. *District Court; Umpierre, Int.*, 78 P.R.R. 858." Appellant did not make any objection. Respondent is correct.

In said judgment, rendered by this Court in 1956, we held that a final judgment or order of the Superior Court (after considering the merits) is not appealable to this Court in a certiorari proceeding to review actions of the District Court. Under said circumstances the adequate remedy is the certiorari grantable by the Supreme Court in its discretion.

Cogent reasons of public policy sanctioned by the Judiciary Act of 1952 and particularly in its § 19 [1] (4 L.P.R.A.

---

[1] "The right of appeal from any final judgment of the District Court to the Superior Court is hereby established . . . Further review thereafter shall be only by certiorari by the Supreme Court grantable by that

§ 122) prompted our criterion on that occasion. There we explained:

"On the other hand, the provision of law which allows a single appeal in all cases from the District Court is one of the basic principles of the judicial organization in Puerto Rico. It was necessary to put an end to the practice of multiple appeals because they obviously constitute ' . . . an economic waste and a menace to public confidence in the courts . . .' Sunderland, *Intermediate Appellate Courts*, 6 Am. L. School Rev. 693 (1927). The law grants us unfettered power to review judgments rendered on appeal by the Superior Court but only in order to (1) preserve the uniformity of judicial doctrine, (2) fix standards or rules concerning important questions of public or private law, and (3) prevent manifest injustice in the application of the law. Furthermore, in *denying* flatly a petition for certiorari we need not explain the reasons for our denial nor do we express any view as to the merits of the case. *Bartolomei v. Superior Court*, 77 P.R.R. 436 (1954)."

This fundamental test of judicial organization was confirmed in unequivocal language by § 2 (d) of Act No. 115 of June 26, 1958 (4 L.P.R.A., Cum. Sup. § 37). It provides the following: "Judgments rendered by the Superior Court in appeals coming from the District Court and in proceedings for review, based on the record of the proceedings had at the administrative level, or by way of trial de novo, of the rulings, orders or resolutions of administrative organizations may be reviewed by the Supreme Court by way of certiorari to be issued at its discretion, and not otherwise." Although this provision is not, by its date, technically applicable to the instant case, its approval no doubt strengthens the criterion against the double appeal mentioned in *Borinquen Furniture*. See *Hull Dobbs Company of P. R. v. Superior Court, ante*, p. 73 (1961).

But this clear expression of purpose of the law can not be countervailed by § 12 of the Claims for Compensation for

Court in its discretion." Section 35 of the Organic Act of the Judiciary (Sess. Laws of 1950, p. 1126) had a similar provision.

Work Act [2] (32 L.P.R.A. § 3111), as amended in 1945, and which authorized a system of double appeal and certiorari to come to the Supreme Court from the "judgments rendered by the Superior Court in appeals." *Muñoz* v. *District Court*, 63 P.R.R. 226, 229 (1944); *Avellanet* v. *Porto Rican Express Co.*, 63 P.R.R. 608, 610–611 (1944); *Torres* v. *González*, 63 P.R.R. 925 (1944); *Ayala* v. *Martell*, 65 P.R.R. 106, 107 (1945); *Antonio Roig Sucrs.* v. *District Court*, 66 P.R.R. 424, 425–426 (1946); *Blanes* v. *District Court*, 69 P.R.R. 106, 112–113 (1948); *García* v. *District Court*, 69 P.R.R. 142, 146 (1948). In two recent judgments we have had the opportunity of examining problems intimately related to this case and in both cases we have given preference, for powerful reasons therein explained, to the provisions of law directed to attain a greater uniformity and promptness in the procedure. *Hull Dobbs Company of P. R.* v. *Superior Court, supra; Andino* v. *Fajardo Sugar Co., ante*, p. 81 (1961); *Cf. Rivera* v. *Quiñones*, 70 P.R.R. 297 (1949). We must assume a similar position in this present case.

Accordingly, we decide that from and after the enactment of the Judiciary Act of 1952 the judgments rendered by the Superior Court on appeal in suits authorized by the Claims for Compensation for Work Act may be brought to this Court for review only by way of certiorari. Considering, however, that the applicable laws do not fix a term for the filing of the certiorari petition before us, appellant may, if he so wishes, file his petition for certiorari within a reasonable time, [3] if he shows that he was diligent in prosecuting his appeal and

---

[2] "In no case of a claim for farm wages shall more than one appeal be allowed.

"The Supreme Court may, in its discretion and through certiorari proceedings, review the judgment rendered on appeal by the Superior Court in all cases in which such judgments are not appealable to the said Supreme Court, including those cases relative to claims for farm wages." See also Act No. 32 of May 3, 1943 (Sess. Laws, p. 84).

[3] We can not, of course, consider in this case the notice of appeal as if it were a petition for certiorari, since no ground therefor is adduced. *Concepción* v. *Board of Accountancy*, 80 P.R.R. 190, 191, n. 1 (1958).

that he was not guilty of laches. *People* v. *Sup'r Ct.; González, Int.*, 81 P.R.R. 874 (1960). Other appellants in similar circumstances may do likewise.

Judgment dismissing the appeal will be entered.